### TAYLOR v. MARSHALL.

(Circuit Court, D. Massachusetts. May 17, 1904.)

No. 1,062.

1. FEDERAL COURTS—PRINTING RECORD—COSTS—OBJECTIONS.

Where, in a suit in equity in the federal court, complainant made no objection that certain testimony was immaterial and irrelevant, and made no motion to strike out the same before the testimony was printed, he could not object, after judgment in favor of defendant, to defendant's taxation of the amount paid for printing such testimony as a part of the costs.

In Equity.
See 128 Fed. 741.

Aaron T. Bates, for complainant.
David F. Slade and F. W. Smith, Jr., for defendant.

COLT, Circuit Judge. In this case, after full hearing upon the merits, the court directed the bill to be dismissed, with costs. In the taxation of the defendant's costs the clerk allowed $408.95 for printing the record. The complainant objects to the taxation of this amount upon the ground that a portion of the defendant's testimony was introduced against the complainant's objection, and that it does not properly constitute a part of the record.

If this evidence was immaterial or irrelevant, the complainant, before the testimony was printed, should have brought this matter to the attention of the court by a motion to strike out; and it is too late now, upon the entering of the final decree, to make this motion, which might involve a reconsideration by the court of the whole or a greater part of the record in the case. To much of the testimony taken before an examiner, especially in patent causes, objections are made. It would establish a very inconvenient practice to hold that

¶ 1. See Costs, vol. 13, Cent. Dig. § 969.

a party may wait until after final hearing on the printed record, and then for the first time, on the question of the allowance of costs, press his objections that certain testimony was improperly admitted. This evidence constituted a part of the record until it was stricken out, and as such it was plainly the duty of the defendant to print it. The case having been decided in favor of the defendant, there is no sound reason why, under the rules, the printing of this testimony should not be allowed in the taxation of defendant's costs.

The clerk's taxation of costs is affirmed, and a decree may be entered as submitted, with the clerk's taxation of costs inserted.